UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MATTHEW JAMES LEACHMAN, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-212 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |
| | § | |

## MEMORANDUM AND ORDER

On January 13, 2012, this Court denied petitioner Matthew James Leachman's petition for a writ of habeas corpus. Among the claims raised in that petition was a claim that the trial court denied Leachman his right to represent himself at trial. This Court found that claim was procedurally defaulted.

The Fifth Circuit affirmed this Court's judgment denying relief on all claims except the self-representation claim. With regard to that claim, the Fifth Circuit remanded the case for a determination whether Leachman can demonstrate cause and prejudice to excuse his procedural default.

The parties have submitted supplemental briefs following the Fifth Circuit decision. Having carefully considered the petition, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that the petition should be granted with regard to Leachman's self-representation claim

I.     **Background**

The facts of this case are set out in detail in this Court's Memorandum and Order of January 13, 2012 (Dkt. No. 20).  Only those facts pertinent to the issue now before the Court will be repeated here.

In the conviction challenged here, Leachman was charged by indictment with aggravated sexual assault of a child in cause number 786224.  He was convicted and sentenced to 40 years imprisonment.  In separate proceedings, Leachman was charged with indecency with a child in cause numbers 786226, 720366, and 786223.

Leachman appealed this conviction and was granted leave to represent himself.  He raised several claims of error, including a claim that the trial court erred by denying Leachman's pretrial motion to represent himself.  The Texas Court of Appeals affirmed the conviction. *Leachman v. State*, No. 01-98-01255-CR, 2004 WL 744820 (Tex. App. – Houston [1st Dist.] Apr. 8, 2004).

The Texas Court of Criminal Appeals ("CCA") granted Leachman's petition for discretionary review, vacated the Court of Appeals' decision, and remanded the case for consideration of claims not at issue here.  *Leachman v. State*, No. PD-0517-05, 2005 WL 2990698 (Tex. Crim. App. Nov. 9, 2005).  On remand, the Court of Appeals again affirmed the conviction.  *Leachman v. State*, No. 01-98-01255-CR, 2006 WL 2381441 (Tex. App. – Houston [1st Dist.] Aug. 7, 2006).  The CCA refused Leachman's petition for discretionary review and the Supreme Court of the United States denied his petition for a writ of *certiorari*.  *Leachman v. State*, No. PD-0398-07 (Tex. Crim. App. Oct, 10, 2007), *cert. denied*, 554 U.S. 932 (2008).

Leachman filed a state application for a writ of habeas corpus challenging, *inter alia*, the denial of his motion to represent himself at trial.  The state habeas court entered findings of fact

and recommended that Leachman's application be denied.  The CCA denied the application without a written order.  *See Ex Parte Leachman*, No. 36,445-04 (Tex. Crim. App. Dec. 1, 2010).

Leachman next filed a federal petition for a writ of habeas corpus.  This Court denied that petition on January 13, 2012, finding, *inter alia*, that Leachman's claim the he was denied his right to represent himself was procedurally defaulted, and that Leachman could not demonstrate cause and prejudice to excuse that default.  The Fifth Circuit affirmed this Court's judgment on all issues except the finding that Leachman could not demonstrate cause and prejudice to excuse the procedural default of his self-representation claim.  *See Leachman v. Stephens*, No. 12-20187 (5th Cir. Sept. 4. 2014).

## II.   Analysis

There is no dispute that Leachman filed a motion to represent himself at trial. Respondent originally argued that the trial court never ruled on the *pro se* motion.  The state appellate court found that Leachman failed to preserve the issue for review by presenting the motion to the trial court.  That was the basis for this Court's prior conclusion that the claim is procedurally defaulted.

Respondent now concedes, however, that the trial court denied the motion without a hearing, and that the order denying the motion was only filed in one of the related cases against Leachman, which was subsequently dismissed.  Respondent now argues instead that the claim is procedurally defaulted because the order was not included in the record on Leachman's direct appeal.  Because Leachman represented himself on appeal, Respondent argues that it was his responsibility to ensure that the appellate record was complete, precluding any claim that the clerk's failure to include the order in the file for this case constitutes cause for Leachman's default.

A.    **Cause**

"Cause" for a procedural default requires a showing that some objective factor external to the defense impeded Leachman's efforts to comply with the state procedural rule.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Amadeo v. Zant*, 486 U.S. 214, 222 (1988). Leachman argues that the clerical error omitting the order from the case file provides cause.  Respondent argues that Leachman could have done more to ensure that the record was complete, and that his failure to do so precludes a finding of cause.

The Fifth Circuit summarized the administrative history of Leachman's motion to represent himself at trial:

> Leachman argues first that he was denied his right to self-representation. Leachman alleges that he filed a motion to represent himself with the state trial court, that the court denied the motion, and that he received a "Memorandum Response" from the clerk's office notifying him of the judge's denial of his motion. He alleges further that when he discovered that neither the court's ruling nor the memorandum appeared in the clerk's record, he wrote letters to and called the clerk's office to request that the clerk supplement the record and filed a motion in the state court of appeals to correct the record. Subsequently, in the hearing on Leachman's motion for a new trial—where he appeared *pro se* and before a different judge—Leachman questioned his trial counsel, Brian Coyne, about Coyne's recollection of the case. Coyne testified that he remembered that Leachman filed a motion to represent himself at trial, that he thought that the court granted the motion and that Leachman later decided not to represent himself, but that he did not have a good memory of the case. *Id.* The court then stated: "For purposes of the record, I'll have the clerk look through the file to see if there was such a motion, whether or not Judge Voitt ruled on it and we will include that in the record of this transcript." *Id.* at 32. The trial court then allowed Leachman to introduce in evidence "Defendant's Ex Parte motion to Vacate the Appointment of Counsel and to Recognize the Defendant as Self–Represented." *Id.* at 33. Leachman's copy of the motion reflects that it was denied. *Id.* at 34. The copy of the motion in the clerk's record reflects that the motion was filed but not that it was denied. Additionally, the copy of the motion in the state habeas record reflects that the motion was denied on June 17, 1997. The state

> habeas record also contains a copy of a letter from the district clerk
> to Leachman indicating that the motion was denied on June 17,
> 1997.

*Leachman v. Stephens*, 581 F. App'x 390, 393 (5th Cir. 2014) *cert. denied*, 135 S. Ct. 2315 (2015).

On Leachman's direct appeal, the Texas Court of Appeals rejected the claim, finding that Leachman failed to preserve it for appeal. *Leachman v. State*, No. 01-98-01255-CR, 2006 WL 2381441 at *3 (Tex. App. Aug. 17, 2006). The court acknowledged that Leachman sought to proceed *pro se*, acknowledged that Leachman produced the clerk's letter as proof that the trial court denied his motion, but held that the letter was not evidence that the motion was denied because it was not in the clerk's record, and was not dated or authenticated. *Id.* On state collateral review, the trial court found the claim procedurally barred because it was raised and rejected on direct appeal, and the CCA denied Leachman's petition without written order.

Based on this history, this Court found the claim procedurally defaulted. The Fifth Circuit agreed that the claim is procedurally defaulted, based on the Texas Court of Appeals' rejection of the claim.

Leachman argues that the clerk's failure to properly file the order denying his motion to represent himself constitutes cause for his procedural default. The Fifth Circuit observed that Leachman argued that the fact that a copy of the motion appeared in the record indicates that the judge must have ruled on it, and that Leachman requested that the record be supplemented with evidence of the denial of the motion. Leachman further notes that the trial court, at a hearing on Leachman's motion for a new trial, stated that it would have the clerk search for the motion and allowed Leachman to introduce a copy of the motion showing that it was denied. The Fifth

Circuit concluded:  "Therefore, it is only the copy in the clerk's record that does not reflect that Leachman's motion was denied."  581 F. App'x at 396.

Several federal courts of appeals have found cause under similar circumstances.   In *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007), the petitioner defaulted by failing to file a timely state appeal of his state habeas corpus petition.   The petitioner demonstrated that neither he nor his attorney received notice from the state court that his petition was denied.   The Sixth Circuit held that the state court's failure to give notice of the decision constituted cause for the default.   In *Johnson v. Champion*, 288 F.3d 1215, 1227-28 (10th Cir. 2002), the Tenth Circuit found cause where a court clerk failed to send the petitioner a certified copy of an order, which the petitioner needed to perfect an appeal.

Respondent notes that Leachman was under indictment in several different cases, and that the order at issue was only filed in one of those cases.   He argues that Leachman should have written to the clerk and asked the clerk to supplement the record with documents from the one case in which the order was filed.   He further argues that any request Leachman may have made was insufficient because he did not "identify or explicitly describe the actual document . . . ."  Respondent's Brief on Remand at 4-5.   Respondent also argues that Leachman should have filed a bill of exception.

As noted above, cause for a procedural default requires a showing that some objective factor external to the defense impeded Leachman's efforts to comply with the state procedural rule.   *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Amadeo v. Zant*, 486 U.S. 214, 222 (1988).   The operative word is "impeded."   It is not a requirement that the external factor must make compliance impossible.   The record reflects that Leachman made a substantial effort to have the order included in the clerk's record.   At one point, the trial court assured him that it would

instruct the clerk to look for the order and include it in the record.  It cannot reasonably be argued that the clerk's error did not "impede" Leachman's efforts, or that Leachman did not make reasonable efforts to overcome that impediment.  As in *Hartman* and *Johnson*, Leachman's failure to comply with the Texas procedural rule resulted from a clerk's error, not his own. Therefore, Leachman has demonstrated cause for his default.

### B.     Prejudice

To show prejudice, Leachman "must establish not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  *United States v. Frady*, 456 U.S. 152, 170 (1982).   Leachman establishes prejudice.

Under the principles announced by the Supreme Court in *Faretta v. California*, 422 U.S. 806, 835-36 (1975), a competent criminal defendant has a Sixth Amendment right to represent himself at trial if he waives his right to counsel, and a trial court cannot deny the defendant's motion to proceed *pro se* on the ground that the defendant lacks sufficient knowledge or understanding of the law.

The Texas Court of Appeals unequivocally found that Leachman "sought permission from the trial court to proceed *pro se* – nothing less."  *Leachman*, 2006 WL 2381441 at *3.  The denial of that motion without a hearing thus constituted error under *Faretta*.  Leachman argues that *Faretta* error is structural in nature and is inherently prejudicial.

Respondent concedes that *Faretta* error is structural, but contends that the showing of prejudice necessary to overcome a procedural default requires a different standard.  *See* Respondent's Brief on Remand at 9.  The cases cited in respondent's brief, however, do not support respondent's argument.

In *Ward v. Hinsley*, 377 F.3d 719, 726 (7th Cir. 2004), the petitioner argued that the presence of structural error, by itself, was sufficient to excuse a procedural default. The Seventh Circuit rejected that argument, holding that a petitioner must demonstrate cause and prejudice. In *Ward*, the petitioner claimed that the State suppressed exculpatory evidence. The court found that the relevant documents were available to counsel. In rejecting Ward's argument that structural error, by itself, allows a federal habeas court to review a defaulted claim, the Seventh Circuit did not even address the question of whether a demonstration of structural error would be sufficient to demonstrate prejudice because the petitioner failed to show cause for his default.

Similarly, in *Hatcher v. Hopkins*, 256 F.3d 761 (8th Cir. 2001), the Eighth Circuit rejected an argument that a federal habeas court could forego a cause and prejudice analysis if a defaulted claim involved structural error. As in *Ward*, the *Hatcher* court did not address whether a demonstration of structural error could satisfy the prejudice requirement because the petitioner failed to demonstrate cause for his default.

In *Purvis v. Crosby*, 451 F.3d 734, 743 (11th Cir. 2006), the question was whether trial counsel's failure to object to a trial court action amounting to structural error – the closing of the courtroom to the public during a witness' testimony – amounted to ineffective assistance of counsel. The Eleventh Circuit held that, to prevail on an ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner must demonstrate prejudice as defined in *Strickland*, *i.e.*, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Purvis*, 451 F.3d at741 (citing *Strickland*, 466 U.S. at 694)(internal quotation marks omitted). The question

before the *Purvis* court was what constitutes *Strickland* prejudice, not what constitutes prejudice to excuse a procedural default.

To the extent that respondent argues that Leachman must show that the outcome of his trial would likely have been different had his right to represent himself been respected, such a requirement would place an impossibly high burden on Leachman.  As the Supreme Court has observed, "the right of self-representation is a right that when exercised usually increases the likelihood of a trial outcome unfavorable to the defendant . . . ."  *McCaskle v. Wiggins*, 465 U.S. 168, 177 n.8 (1984).  Therefore, to require a petitioner to demonstrate that he likely would have prevailed at trial in order to overcome his procedural default is to effectively foreclose any *Faretta* claim that is defaulted even where, as here, the petitioner can show cause for that default.

If, however, respondent is correct that a demonstration of structural error is not itself sufficient to demonstrate prejudice, then the standard for prejudice in this case must be whether there is a reasonable likelihood that Leachman would have prevailed on direct appeal if the claim was properly raised.  *See*, *e.g.*, *Henry v. Warden*, 750 F.3d 1226, 1231 (11th Cir. 2014).  Because he has demonstrated that the trial court committed structural error in denying his motion to proceed *pro se* at trial, there can be little doubt that a properly raised *Faretta* claim would have resulted in the reversal of his conviction on direct appeal.  Therefore, Leachman demonstrates cause and prejudice, and this Court can review his claim.

   **C.**   ***Faretta***

As noted above, a criminal defendant has the right to represent himself at trial.  *See McCaskle*, 465 U.S. 168 (1984).  Leachman asked to do so, and the trial court refused without a hearing.  The trial court erred, and the improper denial of a defendant's request to represent himself constitutes structural error, and is therefore not subject to harmless error analysis.  "The

right is either respected or denied; its deprivation cannot be harmless." *Id.* at 177 n.8. Accordingly, Leachman is entitled to relief on his *Faretta* claim.

> **D.**   **Conclusion**

For the foregoing reasons, Leachman's petition is granted in part, and Leachman is entitled to relief on his *Faretta* claim.

## III.   Order

For the foregoing reasons, it is ORDERED as follows:

1.      Petitioner Matthew James Leachman's Petition for Writ of Habeas Corpus (Dkt. No. 1) is GRANTED as to Leachman's second claim for relief;

2.      Respondent shall release Leachman from the sentence imposed in cause number 786224 unless, within 90 days, the State of Texas moves to grant Leachman a new trial; and

3.      This order is STAYED pending the conclusion of all appeals or the expiration of time to pursue any such appeal.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 30th day of September, 2015.

_____
Kenneth M. Hoyt
United States District Judge